UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRYAN O. CRANE

      Plaintiff,

v.                                          Case No: 2:13-cv-290-FtM-29UAM

UNITED STATES OF AMERICA,

      Defendant.

_____

**ORDER OF DISMISSAL**

This matter comes before the Court on the Court's review of the file.  On October 8, 2013, the Court issued an Order (Doc. #23) finding that service of process on the United States was defective and taking the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #19) under advisement pending proper service of process.  Plaintiff, who is proceeding *pro se,* was provided one last opportunity to properly execute service of process, and advised of the requirements under Federal Rule of Civil Procedure 4(i) for serving the government.  Plaintiff was also notified of the specific defects at issue, see doc. #23, pp. 2-3, and reminded that he had previously been told several times that service of process was defective, id. at pp. 1-2.  Plaintiff was granted 30 days to perfect service of process and the time has

now expired.[1]  The Court cautioned that "[i]f plaintiff fails to serve process, the Court will entertain a motion to dismiss on this basis."  (Id. at p. 3.)  The government did not file a motion or notice indicating that service of process remains defective, however the government's Motion to Dismiss remains pending before the Court.

On October 22, 2013, a Summons was re-issued by the Clerk of Court.  On the same day, plaintiff filed a Motion to Transfer Case to the United States Court of Federal Claims (Doc. #25), responsive to the government's Motion to Dismiss, and a Certificate of Service (Doc. #26) certifying that the Summons and Complaint were delivered by him and registered mail to the United States Attorney at the Fort Myers, Florida United States Attorney's Office address.  No further activity has occurred in the case.

The Court finds that plaintiff has failed to serve timely process, even after an extension of time was granted.  Plaintiff was aware that he could not personally execute serve process because he is a party to the action; plaintiff was also aware that he had to perfect service of process through a nonparty over the age of 18 years old; plaintiff was on notice that this would be his last opportunity to perfect service of process; and plaintiff was on notice that it appeared that he had failed to serve the

---

[1] Plaintiff was also directed to file a Response to the government's Motion to Dismiss upon proper service of process.

Attorney General.   The case is due to be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Before dismissal, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.  Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time."  Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).  Factors to consider include such things as the statute of limitations, defendant's evasion of service, or the concealment of a defect in attempted service of process.  Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1133 (11th Cir. 2005)(citing Fed. R. Civ. P. 4(m) advisory committee note, 1993 Amendments).  The Court finds that the government notified the Court of a defect in service in a timely manner.  (Doc. #19, p. 1, n.1.)  The government did not evade service, and there is no such allegation that plaintiff was hindered by the actions of the government.

An issue held in abeyance is this Court's subject-matter jurisdiction to consider plaintiff's Statement of Complaint and Demand for Jury Trial (Doc. #1)[2].  Since the Complaint is being dismissed for lack of personal jurisdiction due to the failure to

---

[2] The basis for the government's Motion to Dismiss (Doc. #19) is Fed. R. Civ. P. 12(b)(1).

serve process, that issue is moot.    Ruhrgas AG v. Marathon Oil
Co., 526 U.S. 574, 588 (1999).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Statement of Complaint and Demand for Jury
   Trial (Doc. #1) is **DISMISSED without prejudice** for failure
   perfect service of process under Fed. R. Civ. P. 4(m).

2. The government's Motion to Dismiss for Lack of Subject
   Matter Jurisdiction (Doc. #19) is **DENIED** as moot.

3. Plaintiff's Motion to Transfer Case to the United States
   Court of Federal Claims (Doc. #25) is **DENIED** as moot.

4. The Clerk shall enter judgment accordingly, terminate all
   pending motions and deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___5th___ day of
December, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record

- 4 -